BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re: TIKTOK IN-APP BROWSER      )      MDL Docket No. _____
PRIVACY LITIGATION                )
_____   )

**FIRST-FILED PLAINTIFF AUSTIN RECHT'S MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION OF RELATED ACTIONS IN THE CENTRAL DISTRICT OF CALIFORNIA, UNDER 28 U.S.C. § 1407**

First-Filed Plaintiff and Movant Austin Recht ("Movant") respectfully moves the Judicial Panel on Multidistrict Litigation (the "Panel"), pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Panel, for an Order transferring the actions listed in the attached Schedule of Actions (the "Related In-App Browser Actions") and any subsequent tag-along actions to the Central District of California for pre-trial coordination or consolidation.

The Related In-App Browser Actions assert nearly uniform facts and legal claims against TikTok Inc. and its co-Defendants[1] that have never before been asserted against such Defendants. As described in the attached Memorandum of Law and Fact, the Related In-App Browser Actions allege that Defendants invaded the privacy of TikTok users who accessed external websites via the TikTok app by secretly intercepting details and contents of such users' external website activity. The newly discovered and on-going conduct at issue in the Related In-App Browser Actions, and the asserted claims for violations of the Federal Wire Tap Act and the California Invasion of Privacy Act, are very different from the facts and legal claims at issue in the now-concluded *In re TikTok, Inc., Consumer Privacy Litigation* (MDL No. 2948) (the "*Biometric Data* MDL"). The *Biometric Data* MDL involved consumers who used the TikTok

---

[1] The cases subject to this Motion name the following defendants: TikTok Inc. (f/k/a Musical.ly, Inc.); ByteDance Inc.; Beijing Douyin Information Service Co. Ltd. a/k/a ByteDance Technology Co. Ltd.; and Douyin Ltd. a/k/a ByteDance Ltd. They are collectively referred to hereinafter as, "Defendants."

1

app *prior to September 30, 2021* and whose *biometric* data was extracted by defendants from the users' shared videos.

Nevertheless, Defendants recently filed a purported "Notice of Potential Tag-Along Action" (the "Notice") erroneously asserting that Movant's case involves questions of fact common to the now-concluded *Biometric Data* MDL.[2] The Notice prompted the JPML Clerk to issue a Conditional Transfer Order and briefing schedule. Movant intends to oppose Defendants' erroneous attempt to force this case into an unrelated MDL where final judgment has been entered, pending appeals have been dismissed, and settlement funds have been distributed to class members. *See In re TikTok, Inc. Consumer Privacy Litig.*, No. 1:20-cv-04699, ECF No. 280 (N.D. Ill. Nov. 30, 2022) ("Pursuant to the Final Judgment and the October 12, 2022 Order of Dismissal, therefore, the Final Judgment became effective and this MDL and all member cases have been terminated.") (emphasis added); *see id.* ("As of November 21, 2022, the majority of the $92,000,000.00 settlement fund has been distributed and only $3,244,884.27 remains.") Quite simply, the *Biometric Data* MDL did not involve wiretapping and invasion of privacy claims by class members whose on-going confidential wire communications with third-party websites were unknowingly and illegally intercepted by Defendants while using Defendants' in-app browser.

The Panel should transfer and coordinate the Related In-App Browser Actions to a newly-formed MDL proceeding in the Central District of California.[3] Transfer is appropriate for at least the following reasons:

---

[2] Given Defendants' actions, any attempt to informally coordinate the Related In-App Browser Actions pursuant to 28 U.S.C. § 1404 would be futile.

[3] To the extent TikTok intends to argue that Judge Lee, who presided over the *Biometric Data* MDL, would be best suited to evaluate whether the Related In-App Browser Actions are covered by that settlement, such a determination by Judge Lee is simply not possible. Approximately two

1.      Movant seeks transfer and coordination of all cases alleging that a class of consumers was injured by Defendants when they accessed third-party websites via TikTok's in-app browser which secretly inserted JavaScript code into the third-party websites that intercepted *every detail* of class members communications with those third-party websites.

2.      Presently, there are at least three related federal actions filed in three different judicial districts alleging that TikTok's in-app browser was secretly programmed to track every detail about the users' activities on third-party websites. Such cases are currently pending in the Central District of California, the Eastern District of Pennsylvania, and the Southern District of New York, and additional related cases are anticipated to be filed shortly.

3.      The Related In-App Browser Actions assert essentially the same claim—that Defendants' conduct constitutes an illegal intercept of wire communications without the necessary consent.

4.      Movant's first-filed action in the Central District of California also seeks injunctive relief to enjoin Defendants from further and on-going illegal intercepts of wire communications without the necessary consent. This fact is notable because Defendants' Notice of Potential Tag-Along fails to advise the Panel that the injunctive relief sought by Movant here was *not* included in the injunctive relief granted in the *Biometric Data* MDL.[4]

5.      As explained more fully in the accompanying brief, the Related In-App Browser Actions contain nearly identical factual allegations and raise common issues regarding Defendants' illegal wire intercepts, without consent, of users' activities occurring on third-party

---

months ago, on October 12, 2022, the Panel entered an Order reassigning the *Biometric Data* MDL to the Honorable Rebecca R. Pallmeyer. *In re TikTok, Inc. Consumer Privacy Litig.*, No. 1:20-cv-04699, ECF No. 275 (N.D. Ill. Oct. 12, 20200).

[4] *See*, *In re TikTok, Inc. Consumer Privacy Litig.*, No. 1:20-cv-04699, ECF No. 261 at 14 (N.D. Ill. July 28, 2022).

websites, and multiple factors considered by the Panel in choosing a transferee forum weigh strongly in favor of the Central District of California, including the convenience of the courts, witnesses, parties, and counsel.

6. Absent transfer, the parties and courts will be subject to potentially inconsistent pretrial rulings on discovery and substantive matters, duplicative discovery, including expert discovery, and the burden and inconvenience of litigating the same issues and producing many of the same witnesses and documents in numerous individual cases in different judicial districts.

WHEREFORE, Movant respectfully requests that the Panel grant his Motion and transfer the Related In-App Browser Actions, for coordinated and consolidated pre-trial proceedings, to the Central District of California.

Dated:   December 15, 2022                         Respectfully submitted,

By:   */s/ Roland Tellis*
BARON & BUDD, P.C.
Roland Tellis
rtellis@baronbudd.com
Sterling Cluff
scluff@baronbudd.com
David Fernandes
dfernandes@baronbudd.com
Shannon Royster
sroyster@baronbudd.com
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
Facsimile: 818-986-9698

Don Bivens
don@donbivens.com
DON BIVENS PLLC
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone: 602.708.1450

Counsel for Plaintiff Austin Recht and the putative class
(*Recht v. TikTok Inc., et al.*, Case No. 2:22-cv-08613 (C.D. Cal. Nov. 25, 2022))