BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: TIKTOK IN-APP BROWSER　　　　　　　　　MDL Docket No. 3067
CONSUMER PRIVACY LITIGATION

_____/

**PLAINTIFF CANDACE ARROYO'S INTERESTED PARTY RESPONSE TO
PLAINTIFF AUSTIN RECHT'S MOTION FOR TRANSFER**

Plaintiff Candace Arroyo ("Arroyo") in *Candace Arroyo v. TikTok Inc., et al.*, No. 2:22-cv-09300-RGK-E (C.D. Cal.) (the "*Arroyo* action"), who filed a Notice of Related in Action in the above-captioned MDL (ECF 11), hereby responds as an interested party to Plaintiff Austin Recht's ("Movant") Motion for Transfer and Coordination or Consolidation of Related Actions in the Central District of California, Under 28 U.S.C. § 1407 (the "Motion for Transfer") that she is substantially in agreement with the positions raised therein, but supports the Northern District of Illinois as the appropriate venue for centralization of the cases

**I.　　Consolidation of the Related In-App Browser Actions into a Newly Formed MDL Proceeding Is Appropriate.**

Arroyo agrees with Movant's statement that her action and the Related In-App Browser Actions[1] assert "nearly uniform facts and legal claims against TikTok Inc. and [ByteDance Inc.] that have never before been asserted against" those Defendants. The facts at issue in Arroyo's case are Defendants' interception of Arroyo and other United States and Florida reisdents' communications as they interact with third-party websites via TikTok's in-app browser. These

---

[1] In addition to Kowalski's case, the actions that have thus far been identified in this MDL as related are: (1) *Recht v. TikTok, Inc.*, No. 2:22-cv-08613-MEMF-AGR (C.D. Cal.); (2) *Kowalski v. TikTok Inc., et al.*, No. 2:22-cv-04947-MAK (E.D. Pa.); (3) *E.K. v. TikTok, Inc.*, No. 7:22-cv-10574-CS (S.D.N.Y.); (4) *Fleming v. TikTok, Inc.*, No. 2:22-cv-07370-JXN-JSA (D.N.J.); and (5) *Rahn v. TikTok, Inc.*, No. 1:22-cv-07256 (N.D. Ill.). Moreover, a seventh related action was filed today: *Smith v. TikTok Inc, Inc.*, No. 1:23-cv-00134 (N.D. Ill.).

newly discovered facts were not asserted against Defendants in *In re TikTok, Inc., Consumer Privacy Litigation*, MDL No. 2948 (the "*Biometric Data* MDL"),[2] which Movant correctly and accurately distinguishes in the Motion for Transfer. *See* MDL No. 2948, Master Docket No. 20-cv-4699 (N.D. Ill.), Cons. Am. Class Action Compl., Dec. 18, 2020 ("*Biometric Data* MDL Cons. Compl."). Therefore, transfer into a new MDL will be an efficient way to avoid duplicative discovery of Defendants' documents and depositions of their witnesses. *See Resource Exploration Inc. Sec. Litig.*, 483 F. Supp. 817, 821 (J.P.M.L. 1980).

Furthermore, Movant accurately identifies that the time period at issue in the *Biometric Data* MDL concluded on September 30, 2021. However, the allegations of Arroyo and the plaintiffs in the Related In-App Browser Actions included the period in the more than fourteen months since September 30, 2021. That time period does not overlap with the class period in the *Biometric Data* MDL. *See In re SunEdison, Inc., Secs. Litig.*, MDL No. 2742, Order Vacating Conditional Transfer Order (Apr. 5, 2017) (denying transfer where "despite superficial similarities" the case focused on "series of events and decisions regarding [an] employee stock ownership plan in 2008," whereas "the events at issue in the MDL [were] the 'various transactions, offerings and statements made in the roughly ten-month period before SunEdison filed for bankruptcy relief'" on April 21, 2016).

Also, legal claims in the Related In-App Browser cases are also nearly uniform, and were not present in the already-concluded *Biometric Data* MDL. Arroyo asserts legal claims under the Federal Wiretap Act, 18 U.S.C. §§ 2510 *et seq.* (the "FWA") and the Florida Security of

---

[2] TikTok tagged Kowalski's action and the other Related In-App Browser Actions for inclusion in MDL No. 2948. That is inappropriate because, among other reasons, that MDL has already settled and concluded, and on August 22, 2022, the Order and Final Judgment Granting Final Approval of Class Action Settlement dismissed all member cases thereof with prejudice. MDL No. 2948, Master Docket No. 20-cv-4699 (N.D. Ill.), at 7-8.

Communications Act, Fla. Stat. § 934.01 *et seq.* (the "FSCA").  Both statutes bar interception and recording of communications without prior consent of all parties to the conversation.  While the FSCA provides for additional relief beyond any relief to which a national class may be entitled under the FWA, Arroyo's claims under the FSCA as to a proposed Florida subclass are roughly analogous to those asserted by the plaintiffs in the Related In-App Browser Actions under the Federal Wiretap Act and other state statutes.  In contrast, in the *Biometric Data* MDL, there were no claims whatsoever asserted under the FWA, the FSCA, or any state anti-wiretapping statute. *See Biometric Data* MDL Cons. Compl.

Thus, for all of the reasons stated in the Motion to Transfer and Brief in Support thereof, Arroyo agrees with Movant that the Panel should create a new MDL proceeding for the adjudication of the claims raised in her complaint and the complaints of the Related In-App Browser Actions, and to transfer and coordinate the *Arroyo* action and the Related In-App Browser Actions.

**II.     The Northern District of Illinois is the Best Transferee Forum.**

Regarding the forum for a newly created MDL, Arroyo disagrees with the position in the Motion for Transfer, and instead supports the Northern District of Illinois as the appropriate and best forum for this MDL.  Chicago, Illinois is a major metropolitan center with two major airports.  The central location of Chicago within the country—midway between Los Angeles on the one hand and New York, Philadelphia, and New Jersey on the other—would be more convenient for the various existing named plaintiffs and any that are named in other actions included in this MDL, who reside in states throughout the country, than locating this MDL on one of the coasts.  For example, for Arroyo herself, who currently resides in Jacksonville, Florida, it would be far more convenient to travel to the centrally located Chicago for this case, than the more than 6 hours to

travel by air to Los Angeles, where there is a nonstop option to Chicago but not to Los Angeles. In addition, and showing the desirability of the District, there are now two of the Related In-App Browser Actions pending in the Northern District of Illinois. *See supra* n.1. Defendants, which are major corporations with substantial resources, are also nationally situated with major operations in both Los Angeles and New York, as well as offices in Nashville, Tennessee; Austin, Texas; and Chicago, Illinois. *See In re Sonic Customer Data Sec. Breach Litig.*, 276 F. Supp. 3d 1382, 1383 (J.P.M.L. 2017) (centralizing cases in "a centrally-located and easily accessible location"); *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375 (J.P.M.L. 2017) (same).

Although the Panel sometimes gives weight to the timing of the filing of the various actions, in this instance the pending cases were all filed within a few weeks of one another, and none is more developed than the others. *See In re Skechers Toning Shoe Prod. Liab. Litig.*, 831 F. Supp. 2d 1367, 1370 (U.S. Jud. Pan. Mult. Lit. 2011) (single out a first-filed action for purposes of consolidation but only where it was "filed several months before most other actions").

### III. Conclusion

For the reasons set forth above, Plaintiff Arroyo respectfully requests that all actions be transferred and consolidated in the Northern District of Illinois.

Dated: January 10, 2023.

Respectfully submitted,

*/s/ Jeff Ostrow*
Jeff Ostrow, Esq.
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 332-4200
ostrow@kolawyers.com

*Counsel for Plaintiff and the Putative Class*
(*Candace Arroyo v. TikTok, Inc., et al.*, No. 2:22-cv-09300-RGK-E (C.D. Cal.))