BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **In re:** TIKTOK IN-APP BROWSER PRIVACY LITIGATION | MDL No. 3067 |

**INTERESTED PARTY RESPONSE OF PLAINTIFF CARINA FLEMING TO PLAINTIFF AUSTIN RECHT'S MOTION FOR TRANSFER OF ACTIONS TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND FOR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

Carina Fleming, plaintiff in *Fleming v. TikTok, Inc., et al.*, Case No. 2:22-cv-07370 (D.N.J.) ("Plaintiff Fleming"), respectfully submits this response to the pending motion submitted pursuant to 28 U.S.C. § 1407 requesting transfer and centralization of all actions alleging TikTok, Inc. and its related entities illegally intercepted users' wire communications with third-party websites using JavaScript code insertions (the "Related In-App Browser Actions"), and supports centralization in the U.S. District Court for the Central District of California ("Central District" or "California").[1]

Plaintiff Austin Recht has moved this Panel to consolidate the Related In-App Browser Actions in the U.S. District Court for the Central District of California. (MDL No. 3067, Dkt # 1-1). Plaintiff Fleming supports this motion and supports consolidation before the United States Judicial Panel on Multidistrict Litigation (the "Panel" or "JPML") and centralization in the Central District of California, or in the alternative, to the District of New Jersey.

---

[1] Defendants filed a "Notice of Potential Tag-Along Action" (*In re TikTok, Inc., Consumer Privacy Litigation*, MDL No. 2948, Dkt # 103) erroneously indicating that Plaintiff Fleming's case involves questions of fact common to that now-concluded MDL. Plaintiff Fleming has opposed the conditional transfer order, and trh emotion to vacate has been scheduled. (MDL No. 2948, Dkt. # 115).

1

Plaintiff Fleming supports venue for this multidistrict litigation to proceed in the United States District Court for the Central District of California where Defendants' domestic operations are based and where the earliest lawsuit was filed. There, one action is already pending and assigned to the Honorable Maame Ewusi-Mensah Frimpong for disposition. Plaintiff respectfully submits that the Central District of California would be the best, most efficient and streamlined forum for the Related In-App Browser Actions.

## INTRODUCTION

This case involves class members' access to third-party websites while using the TikTok app. Unbeknownst to TikTok users, Defendants' in-app browser inserted JavaScript code into the third-party websites which allowed Defendants to illegally intercept wire communications meant for the third-party websites and track every detail about class members' activity on those websites. Through this tracking activity, Defendants invaded the privacy of Plaintiff Fleming and Class members, without their consent, and gathered private information including users' keystrokes, website activity, contact information, and credit card data.

The Related-In App Browser Actions all involve similar kinds of data intercepted by Defendants from the wire communications – every detail about consumers' activities that occurred in the in-app browser, including website activity, contact information, and credit card data. The Related In-App Browser Actions all involve nearly identical legal claims – violations of the Federal Wire Tap Act and/or violations of similar state wiretap acts. Multiple actions also assert claims for unjust enrichment and/or disgorgement based on their respective state's laws.

Centralization in a single federal court will hasten and facilitate a comprehensive remedy for individuals affected by Defendants' conduct, as the pending actions seek to certify nationwide and/or state classes of TikTok users who visited third-party websites via Defendants' in-app browser. Absent consolidation, the federal district courts in California, New Jersey, New York,

and Pennsylvania, among others, could issue conflicting dispositive rulings regarding the classes before them. The similarity of the putative class actions makes centralization appropriate, and the best transferee forum for these actions is the Central District of California, or in the alternative, the District of New Jersey.

**ARGUMENT**

The Related In-App Browser Actions are based on the same or substantially similar questions of law and fact. Coordination is necessary to avoid duplicative discovery, promote just and efficient conduct of these cases, and prevent inconsistent rulings.

1. **Transfer and Consolidation Pursuant to 28 U.S.C. § 1407 is Appropriate.**

Section 1407 authorizes the JPML to transfer actions sharing common questions of fact to a single district for coordinated or consolidated pretrial proceedings. Plaintiff Fleming respectfully submits that, in this case, centralization of these in the Central District of California would be appropriate. A detailed recitation of the well-known standard is not necessary, and Plaintiff Fleming relies upon the Panel's familiarity with the governing legal principles at issue. Plaintiff Fleming additionally relies in part on the thorough and well-researched brief of Plaintiff Austin Recht in his initial motion. (MDL No. 3067, Dkt. # 1-1).

The Panel typically considers four factors in deciding whether to transfer a case under Section 1407:

 a. the elimination of duplication in discovery;

 b. the avoidance of conflicting rules and schedules;

 c. the reduction of litigation cost; and

 d. the conservation of the time and effort of the parties, attorneys, witnesses, and courts.

28 U.S.C. § 1407(a). Each of these factors is met here.

The Related In-App Browser Actions are based on the same or substantially similar questions of law and fact. Transfer will promote the convenience of the parties and efficiency in the pretrial proceedings by eliminating duplicative discovery and the potential for inconsistent rulings, including determinations on class certification. Indeed, because all of the Related In-App Browser Actions assert complex, yet virtually identical claims and allegations requiring substantial discovery into highly technical aspects of Defendants' programming, coding, and management of the Defendants' in-app browser, the actions are ideal candidates for transfer and coordinated or consolidated pretrial proceedings.

The Panel frequently centralizes large-scale data privacy and security cases such as this since the questions of fact are common. *See, e.g., In re: T-Mobile Customer Data Sec. Breach Litig.*, 576 F. Supp. 3d 1373,1374 (J.P.M.L. 2021); *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. MDL 2994, 544 F. Supp. 3d 1371, at *1 (J.P.M.L. 2021). Here, centralization will help prevent duplicative discovery that would only delay the swift, efficient and cost-effective adjudication of these matters. This will also conserve the time and resources of all parties, including witnesses, attorneys' and judicial resources by avoiding the need for duplicate depositions, expert witnesses, evidentiary hearings, or other actions.

**2.      Transfer to the United States District Court for the Central District of California is Appropriate.**

The most appropriate venue for transferring and consolidating the Related In-App Browser Actions is the Central District of California and is supported by numerous Plaintiffs. Plaintiff Fleming concurs and supports Plaintiff Austin Recht's motion filed on December 15, 2022, to the extent it requests consolidation and transfer of the Related In-App Browser Actions to the Central District of California (MDL No. 3067, Dkt. #1-1).

The Panel typically takes numerous factors into consideration in determining the most appropriate transferee forum. Among those factors are (1) convenience of the parties; (2) location of witnesses and other evidence; (3) whether the district is in an accessible metropolitan location; (4) experience in management of class actions and complex litigation; (5) the caseload of the transferee district; and (6) the number of cases pending in the jurisdiction. *See, e.g., In re Wheat Farmers Antitrust Class Action Litig.*, 366 F. Supp. 1087, 1088 (J.P.M.L.1973); *In re Preferential Drug Prod. Pricing Antitrust Litig.*, 429 F. Supp. 1027, 1029 (J.P.M.L. 1977); *In re Tri-State Crematory Litig.*, 206 F. Supp. 2d 1376, 1378 (J.P.M.L. 2002); *In re Gen. Motors Corp. Dex-Cool Prod. Liab. Litig.*, 293 F. Supp. 2d 1381, 1382 (J.P.M.L. 2003); *In re Educ. Testing Serv. Prt 7-12 Test Scoring Litig.*, 350 F. Supp. 2d 1363, 1365 (J.P.M.L. 2004).

While meeting all factors is not required, consolidation in the Central District of California meets them. Defendant TikTok, Inc. maintains its executive headquarters with many of its engineers and executives that have knowledge or decision making regarding the claims asserted in the District, providing convenience for the parties and witnesses. Further, Culver City is located within the Los Angeles metropolitan area, which is a convenient metropolitan center containing five major airports, including Los Angeles International Airport. Culver City is also conveniently close to the courthouse for the Central District of California.

As Plaintiff Austin Recht points out, one of the MDL cases is currently in front of the Honorable Maame Ewusi-Mensah Frimpong in the Central District of California. Judge Frimpong, as she is recently appointed, has more time and resources to expend on this matter than another judge with a larger caseload. In addition, she has over 20 years of legal experience with a breadth of practice that speaks to her skill and qualifications. Specifically, Judge Frimpong served for five years as a Judge of the Los Angeles Superior Court, held positions within the U.S. Department of

Justice where her practice covered the full spectrum of federal law, including consumer protection claims, worked with the Attorney General's Office regarding civil and consumer protection claims, and a clerked under the Hon. Stephen A. Reinhardt.

Further, the "experience, skill, and caseloads of available judges" weighs in favor of transfer to the Central District of California. Several multi-district litigation proceedings have been transferred and managed successfully by judges in the Central District of California. According to the latest MDL Statistics Report, as of November 15, 2022, the Central District of California currently oversees only four MDL actions. Thus, the Central District of California, a major metropolitan Court, has both the experience and the available judicial resources to handle this MDL.

Plaintiff Fleming alternatively submits that if the Central District of California is not chosen, the District of New Jersey would be a reasonable location as the action pending there is before Judge Neals, who was appointed to the bench of June 22, 2021 and who is more than capable of handling this MDL.[2]

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests an Order granting Plaintiff Austin Recht's Motion to Transfer and Consolidation to the Honorable Judge Maame Ewusi-Mensah Frimpong in the Central District of California pursuant to 28 U.S.C. § 1407, or in the alternative, to the District of New Jersey.

---

[2] Before Judge Neals' appointment, Senator Bob Menendez described Judge Neals as "an outstanding nominee who has devoted his entire career to the practice of law in his home state of New Jersey. Throughout his three decades in the legal profession, he served in many diverse roles. Every step of the way, he has impressed those around him with his integrity, sound judgment, and commitment to equal justice and fair administration of the law."

Dated: January 10, 2023

Respectfully submitted,

*/s/James E. Cecchi, Esq.*
James E. Cecchi, Esq.
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
T: (973) 994-1700
F: (973) 994-1744
Email: jcecchi@carellabyrne.com

*Attorney for Plaintiff Carina Fleming*
(*Fleming v. TikTok Inc., et al.*, Case No. 2:22-cv-07370 (D.N.J. Dec. 19, 2022)