BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: TIKTOK IN-APP BROWSER   MDL Docket No. 3067
CONSUMER PRIVACY LITIGATION

_____/

### PLAINTIFFS, CINNAMON SMITH, ALISON PAIGE, MARRCHELLE TANZYMORE, AND CAROYLN SMITH'S INTERESTED PARTY RESPONSE TO PLAINTIFF, AUSTIN RECHT'S, MOTION FOR TRANSFER

Plaintiffs, Cinnamon Smith, Alison Paige, Marrchelle Tanzymore, and Carolyn Smith ("*Smith* Plaintiffs") in *Cinnamon Smith, et al. v. TikTok Inc., et al.*, No. 1:23-cv-00134 (N.D. Ill.) ("*Smith* action"), who filed a Notice of Related in Action in the above-captioned MDL (ECF 25), hereby respond as interested parties to Plaintiff, Austin Recht's ("Movant"), Motion for Transfer and Coordination or Consolidation of Related Actions in the Central District of California, Under 28 U.S.C. § 1407 ("Motion for Transfer") that they are in agreement with the positions raised therein as to consolidation, but support the Northern District of Illinois as the appropriate venue for pretrial proceedings in these cases.

**I.    Consolidation of the Related Actions into a New MDL Proceeding Is Appropriate.**

The *Smith* Plaintiffs agree that the Movant's case and the Related In-App Browser Actions[1] assert new claims against TikTok Inc. and ByteDance Inc. that are factually and legally unrelated

---

[1] In addition to the *Smith* case, the actions that have been identified in this MDL as related are: (1) *Recht v. TikTok Inc.*, No. 2:22-cv-08613-MEMF-AGR (C.D. Cal.); (2) *Kowalski v. TikTok Inc.*, No. 2:22-cv-04947-MAK (E.D. Pa.); (3) *E.K. v. TikTok Inc.*, No. 7:22-cv-10574-CS (S.D.N.Y.); (4) *Fleming v. TikTok Inc.*, No. 2:22-cv-07370-JXN-JSA (D.N.J.); (5) *Arroyo v. TikTok Inc.*, No. 2:22-cv-09300-MEMF-AGR; (6) *Rahn v. TikTok Inc.*, No. 1:22-cv-07256 (N.D. Ill.); (7) *Androschuk v. TikTok Inc.*, No. 2:23-cv-00108-DSF-PVC (C.D. Cal.); and (8) *Bravo v. TikTok Inc.*, No. 23-cv-00225 (N.D. Ill.). In addition, the following actions were filed within the last seven days and identified by Defendants as related in the *Biometric Data* MDL (ECF 133): (1) *Albaran v. TikTok Inc.*, No. 2:23-cv-00486-PVC (C.D. Cal.); (2) *G.R. v. TikTok Inc.*, No. 2:23-cv-00509-FMO-AGR (CD. Cal.); and (3) *Schulte v. TikTok Inc.*, No. 1:23-cv-00362-AT (N.D. Ga.).

to any other claims brought previously against those Defendants.  The facts at issue in the *Smith* action are Defendants' interception of the *Smith* Plaintiffs' and other United States, Massachusetts, Maryland, and Missouri citizens' communications as they interact with third-party websites via TikTok's in-app browser.  These newly discovered facts were not asserted against Defendants in *In re TikTok, Inc., Consumer Privacy Litigation*, MDL No. 2948 ("*Biometric Data* MDL")[2].  *See* MDL No. 2948, Master Docket No. 20-cv-4699 (N.D. Ill.), Cons. Am. Class Action Compl., Dec. 18, 2020 ("*Biometric Data* MDL Cons. Compl.").  Therefore, transfer into a new MDL will be an efficient way to avoid duplicative discovery.  *See Resource Exploration Inc. Sec. Litig.*, 483 F. Supp. 817, 821 (J.P.M.L. 1980).

Furthermore, the time period at issue in the *Biometric Data* MDL concluded on September 30, 2021.  However, the allegations of the *Smith* Plaintiffs and the plaintiffs in the Related Actions included the period in the more than fourteen months since September 30, 2021.  That time period does not overlap with the class period in the *Biometric Data* MDL.  *See In re SunEdison, Inc., Secs. Litig.*, MDL No. 2742, Order Vacating Conditional Transfer Order (Apr. 5, 2017) (denying transfer where "despite superficial similarities" the case focused on "series of events and decisions regarding [an] employee stock ownership plan in 2008," whereas "the events at issue in the MDL [were] the 'various transactions, offerings and statements made in the roughly ten-month period before SunEdison filed for bankruptcy relief'" on April 21, 2016).

Also, the legal claims in the Related Actions are nearly uniform and were not present in the already-concluded *Biometric Data* MDL.  The *Smith* Plaintiffs assert legal claims under the

---

[2] TikTok tagged the *Smith* action and the other Related Actions for inclusion in MDL No. 2948. That is inappropriate because, among other reasons, that MDL has already settled and concluded, and on August 22, 2022, the Order and Final Judgment Granting Final Approval of Class Action Settlement dismissed all member cases thereof with prejudice.  MDL No. 2948, Master Docket No. 20-cv-4699 (N.D. Ill.), at 7-8.

Federal Wiretap Act, 18 U.S.C. §§ 2510 *et seq.* (the "FWA"); the Massachusetts Wiretap Act, Mass Gen. Laws Ann. 272 § 99; the Maryland Wiretap Act, Md. Cts. & Jud. Pro. §§ 10-401 *et seq.*; and the Missouri Wiretap Act, Mo. Stat. §§ 542.400 *et seq*.  These statutes bar interception and recording of communications without prior consent of all parties to the conversation.  While the state anti-wiretapping statutes provide for additional relief beyond any relief to which the class may be entitled under the FWA, the *Smith* Plaintiffs' claims under the FWA and the state anti-wiretapping statutes are analogous to those asserted by the plaintiffs in the Related Actions under the Federal Wiretap Act and other state statutes.  In contrast, in the *Biometric Data* MDL, there were no claims whatsoever asserted under the FWA or any state anti-wiretapping statute.  *See Biometric Data* MDL Cons. Compl.

Consequently, the Panel should create a new MDL proceeding for the adjudication of the claims raised in the *Smith* action and the Related Actions, and consents to the transfer and coordination of the *Smith* action with the Related Actions.

**II.    The Northern District of Illinois is the Best Transferee Forum.**

However, regarding the forum for a newly created MDL, the *Smith* Plaintiffs disagree with the position in the Motion for Transfer, and instead support the Northern District of Illinois as the appropriate and best forum for this MDL.  Chicago, Illinois is a major metropolitan center with two major airports.  The central location of Chicago within the country—midway between Los Angeles on the one hand and New York, Philadelphia, and New Jersey on the other—would be more convenient for the various existing named plaintiffs and any that are named in other actions included in this MDL, who reside in states throughout the country, than locating this MDL on one of the coasts.  For example, it would be far more convenient for Alison Paige, Marrchelle Tanzymore, and Carolyn Smith, who reside in Woburn, Massachusetts; Baltimore, Maryland; and

Kansas City, Missouri, respectively (let alone Cinnamon Smith who resides in Chicago itself), to travel to the centrally located Chicago for this case, than the more than 6 hours to travel by air to Los Angeles, where there is a nonstop option to Chicago but not to Los Angeles. In addition, and showing the desirability of the District, there are now two other Related Actions pending in the Northern District of Illinois. *See supra* n.1. Defendants, which are major corporations with substantial resources, are also nationally situated with major operations in both Los Angeles and New York, as well as other offices throughout the United States. *See In re Sonic Customer Data Sec. Breach Litig.*, 276 F. Supp. 3d 1382, 1383 (J.P.M.L. 2017) (centralizing cases in "a centrally-located and easily accessible location"); *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375 (J.P.M.L. 2017) (same).

Although the Panel sometimes has given weight to the timing of the filing of the various actions, in this instance the pending cases were all successively filed within the seven-week period of November 25, 2022 to January 13, 2023, and none is more developed than the others. *See In re Skechers Toning Shoe Prod. Liab. Litig.*, 831 F. Supp. 2d 1367, 1370 (U.S. Jud. Pan. Mult. Lit. 2011) (singling out a first-filed action for purposes of consolidation but only where it was "filed several months before most other actions").

Moreover, despite Defendant TikTok Inc.'s headquarters in Culver City, California, and Defendant ByteDance Inc.'s headquarters in Mountain View, California, Defendants supported the selection of the Northern District of Illinois in the prior nationwide MDL consolidating claims against them (the *Biometric Data* MDL). Although Defendants also support consolidation of the *Smith* action with MDL No. 2948 (which the *Smith* Plaintiffs oppose), the parties to *Smith* agree the Northern District of Illinois is the appropriate forum. In addition, the Northern District of

Illinois proved to be an effective forum for the successful resolution of the *Biometric Data* MDL, which involved the same Defendants, and also included a nationwide class.

### III. Conclusion

For the reasons set forth above, the *Smith* Plaintiffs respectfully request that all TikTok In-App Browser Actions be transferred to and consolidated in the Northern District of Illinois for an MDL proceeding.

Dated: January 30, 2023.

Respectfully submitted,

*/s/ Jeff Ostrow*
Jeff Ostrow, Esq.
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 332-4200
ostrow@kolawyers.com

*Counsel for Plaintiffs, Cinnamon Smith, Alison Paige, Marrchelle Tanzymore, Carolyn Paige and the Putative Classes* (*Cinnamon Smith, et al. v. TikTok, Inc., et al.*, No. 1:23-cv-00134 (N.D. Ill.))