BEFORE THE UNITED STATES

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: TIKTOK IN-APP BROWSER CONSUMER PRIVACY LITIGATION | MDL No. 3067 |

**PLAINTIFF G.R., A MINOR BY AND THROUGH HER GUARDIAN MAYA DE LA CRUZ'S INTERESTED PARTY RESPONSE TO PLAINTIFF AUSTIN RECHT'S MOTION FOR TRANSFER**

Plaintiff G.R., a minor by and through her guardian Maya De La Cruz (together, the "*G.R. Plaintiffs*") in *G.R. v. TikTok Inc.*, No. 2:23-cv-00509 (C.D. Cal.) (the "*G.R.* action"), hereby respond as interested parties to Plaintiff Austin Recht's ("Movant") Motion for Transfer and Coordination or Consolidation of Related Actions in the Central District of California, Under 28 U.S.C. §1407 (ECF No. 1) that they are in agreement with the positions raised therein as to consolidation, but support the Northern District of Illinois as the appropriate venue for pretrial proceedings in these cases.

**I.  INTRODUCTION**

The majority of the parties do not dispute that §1407 centralization is appropriate here. Only defendants TikTok Inc. ("TikTok") and ByteDance, Inc. (together, "defendants") opposed centralization for a ***new*** multidistrict litigation ("MDL"). *See* ECF No. 22.[1] Still, Movant's initial

---

[1] Defendants did not oppose transfer and consolidation for the *In-App Browser* and similarly did not argue that the *In-App Browser* actions did not satisfy the requirements under §1407. *See also* ECF No. 30 at 3. All ECF references are to *In re TikTok In-App Browser Consumer Priv. Litig.*, MDL No. 3067 (J.P.M.L.) ("*In-App Browser*"), unless otherwise noted.

motion for centralization was supported by each plaintiff. *See* ECF No. 1. All responding plaintiffs and interested parties argued for centralization under §1407. *See* ECF No. 19 at 2-6; ECF No. 20 at 3-4; ECF No. 21; ECF No. 23 at 3; ECF No. 24 at 3; ECF No. 36 at 2-6; ECF No. 38 at 1-3; ECF No. 42 at 3-4. Transfer and consolidation of the *In-App Browser* actions is appropriate and would be best suited in the Northern District of Illinois, which has more favorable docket conditions and a well-established and knowledgeable judge in the Honorable Rebecca R. Pallmeyer.

Additionally, the *In-App Browser* actions necessitate a **new** MDL because the common factual questions of the new actions are functionally different than the facts associated with the *Biometric Data* MDL, MDL No. 2948.[2] Each of the *In-App Browser* actions alleges that TikTok engaged in the unlawful practice of surreptitiously intercepting and recording Plaintiffs' private electronic website communications in violation of the Federal Wiretap Act and the equivalent state wiretap statutes. These actions are premised by TikTok's use of embedded JavaScript Code known as "Session Replay Code" to record, among other things, every keystroke, click, and mouse movement amounting to a wiretap of private communication. In contrast, the *Biometric Data* MDL was limited to defendants' conduct of scanning, capturing, retaining, and disseminating the facial geometry and other biometric information of users of the TikTok application.

## II. ARGUMENT

### A. Centralization to the Northern District of Illinois Would Be Most Efficient

The Northern District of Illinois is a capable destination for the management of this matter, both in its centrally convenient location and favorable docket statistics. The Judicial Panel on

---

[2] The "*Biometric Data* MDL" refers to *In re TikTok, Inc. Consumer Priv. Litig.*, MDL No. 2948 (J.P.M.L.).

Multidistrict Litigation ("JPML" or the "Panel") looks at a number of factors in determining where consolidated cases should be transferred, including a transferee forum that is: (1) not overtaxed with MDL cases; (2) has a related action pending on its docket; (3) has a judge with some degree of expertise in handling the issues presented; and (4) is convenient for the parties. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) §22.33.

While the Northern District of Illinois maintains 16 active MDL proceedings (compared to the Northern District of California which has 17 active MDL proceedings[3]), a closer look at the pending dockets indicates that the Northern District of Illinois has more favorable docket conditions. Despite the 16 active MDL proceedings, the Northern District of Illinois has 9,693 pending civil cases[4] and 2,245 pending criminal cases[5] for a total of 11,938. In contrast, the Northern District of California has 11,077 pending civil cases and 1,309 pending criminal cases for a total of 12,386 pending. The Northern District of Illinois has less total pending dockets and less MDL proceedings and would be able to provide more efficiency in presiding over this MDL litigation, should it be centralized there. The Northern District of Illinois was also able to successfully resolve the *Biometrics Data* MDL.

Moreover, the Honorable Rebecca R. Pallmeyer is the Chief Judge for the Northern District of Illinois. She has over three decades of experience from the federal bench and has extensive experience presiding over MDL matters. The Honorable Pallmeyer graduated from the University

---

[3] *MDL Statistics Report – Distribution of Pending MDL Dockets by District*, U.S. JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (Feb. 16, 2023), https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-February-16-2023.pdf.

[4] *Table C., U.S. District Courts – Civil Cases Commenced, Terminated, and Pending During the 12-Month Periods Ending September 30, 2021 and 2022*, U.S. Courts, https://www.uscourts.gov/sites/default/files/data_tables/jb_c_0930.2022.pdf (last visited Feb. 21, 2023).

[5] *Id*.

3

of Chicago Law School in 1979, served as a U.S. Magistrate Judge for the Northern District of Illinois from 1991-1998, was commissioned as a Federal Judge on October 22, 1998, and began serving since July 1, 2019 as the first female Chief Judge of the Northern District of Illinois. The Honorable Pallmeyer currently presides over three pending MDLs[6] (including the *Biometric Data MDL*) and has previously presided over two other MDLs.[7] Judge Maame E. Frimpong has never presided over an MDL proceeding, having just assumed the federal bench in February 2022. After Judge John Z. Lee was confirmed to the Seventh Circuit, Judge Pallmeyer was reassigned to the *Biometric Data* MDL and has had ample time to familiarize herself with the previous TikTok matter. On February 15, 2022, the Honorable Pallmeyer held a status hearing on the *Biometric Data* MDL to familiarize herself with the procedural status and inquired regarding the status of the new *In-App Browser* MDL. During that hearing, the Honorable Pallmeyer made clear she stands ready and willing to work on the new case, should the Panel select her to oversee the *In-App Browser* MDL. Having extensive judicial experience, knowledge of both matters, and initiative to continue with both TikTok MDLs, this Panel should select the Honorable Pallmeyer to provide a just and efficient outcome in this *In-App Browser* MDL.

### B.  The *In-App Browser* Matters Necessitate a New MDL Proceeding

The *In-App Browser* MDL has common factual issues concerning the federal and analogous state wiretapping laws. TikTok uses Session Replay Code to intercept communications by embedding the JavaScript Code onto its application for the specific purpose of recording Plaintiffs' activities and communications. These acts are separate and apart from the facts and

---

[6]     *In re Dealer Mgmt. Sys. Antitrust Litig.*, MDL No. 2817 (J.P.M.L.); *In re Abbott Lab'ys, et al., Preterm Infant Nutrition Prods. Liab. Litig.*, MDL No. 3026 (J.P.M.L.).

[7]     *In re Zimmer NexGen Knee Implant Prods. Liab. Litig.*, MDL No. 2272 (J.P.M.L.); *In re JPMorgan Chase Bank Home Equity Line of Credit Litig.*, MDL No. 2167 (J.P.M.L.).

issues centered in the *Biometric Data* MDL. The JPML Transfer Order from August 12, 2020, ordered to transfer and centralize the *Biometric Data* MDL to the Northern District of Illinois for the express "conduct with respect to the scanning, capture, retention, and dissemination of the ***facial geometry and other biometric information*** of users of the app." *See* Transfer Order at 1, *In re TikTok, Inc. Consumer Priv. Litig.*, No. 1:20-cv-04699 (N.D. Ill. Aug. 12, 2020), ECF No. 2 (emphasis added).

The claims asserted in each of the *In-App Browser* actions relate only to the Federal Wiretap Act and the comparable state statutes. In contrast, the *Biometric Data* MDL only settled claims of users who used the TikTok video-sharing application, TikTok's collection of app users' biometric information or identifiers, users' geolocation or GPS data, and pre-uploaded user-generated content collected from users who created videos.[8] It would be inappropriate to consolidate the *In-App Browser* allegations into the previous MDL, since the causes of action are not based on the same theories, laws, or facts.

---

[8] *See* Motion at 12, 14, 30-31, *In re TikTok, Inc. Consumer Priv. Litig.*, No. 1:20-cv-04699 (N.D. Ill. Feb. 25, 2021), ECF No. 122.

### III. CONCLUSION

For the reasons set forth above, the *G.R.* Plaintiffs respectfully request that all TikTok *In-App Browser* Actions be transferred to and consolidated in the Northern District of Illinois, under the Honorable Pallmeyer.

DATED:  February 21, 2023          Respectfully Submitted,

 */s/ Joseph P. Guglielmo*
Joseph P. Guglielmo
SCOTT+SCOTT, ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Tel:  212-223-6444
Fax:  212-223-6334
jguglielmo@scott-scott.com

*Counsel for Plaintiff G.R.*