**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **In re:** TIKTOK IN-APP BROWSER PRIVACY LITIGATION | **MDL No.** 3067 |

**INTERESTED PARTY OF PLAINTIFF GRACE SCHULTE'S RESPONSE TO
PLAINTIFF AUSTIN RECHT'S MOTION FOR TRANSFER OF ACTIONS TO THE
UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF
CALIFORNIA AND FOR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407.**

Grace Schulte ("Plaintiff Schulte"), plaintiff in *Schulte v. TikTok, Inc. et al.*, Case No. 1:23-cv-00362 (N.D. Ga.) (the "Georgia Action"), respectfully submits this response to the pending motion submitted by Plaintiff Austin Recht pursuant to 28 U.S.C. § 1407 (MDL No. 3067, Dkt No. 1-1), requesting transfer and centralization of all actions alleging TikTok, Inc. and its related entities illegally intercepted users' wire communications with third-party websites using planted JavaScript code (the "*Related In-App Browser Actions*").  Plaintiff Schulte does not object to consolidation before the United States Judicial Panel on Multidistrict Litigation (the "Panel" or "JPML") and centralization in the United States District Court for the Central District of California, or in the alterative, to the Northern District of Georgia.

Further, Plaintiff Schulte opposes Defendants' wish to consolidate the *Related In-App Browser Actions* with the now-concluded *In re TikTok, Inc., Consumer Privacy Litigation*, Case No. 1:20-cv-04699 (N.D. Ill.), MDL No. 2948, Dkt. No. 133) (herein referred to as the "*Resolved Biometric Data MDL*").[1]  The *Related In-App Browser Actions* involve entirely distinct legal and

---

[1] Defendants filed a "Notice of Potential Tag-Along Action" in the *Biometric Data MDL*, erroneously contending that Plaintiff Schulte's case involves common questions of law and fact to that now-concluded MDL.  The JPML in the *Resolved Biometric Data MDL* has not yet issued a

factual questions.  It would be inappropriate to consolidate actions involving the surreptitious interception of data under the Federal Wire Tap Act and concerning Defendants' most recent conduct with the now-closed *Resolved Biometric Data MDL*, which involved unique questions of Illinois biometric data law and concerned different conduct, wholly settled through a Court approved Settlement Agreement.

On December 15, 2022, Plaintiff Austin Recht moved the Panel to consolidate the *Related in-App Browser Actions* in the Central District of California (MDL No. 3067, Dkt No. 1-1). Plaintiff Schulte does not oppose this motion and supports consolidation before the Panel.  Plaintiff Schulte respectfully agrees that, in light of the factors present here, if the Georgia Action is transferred, the Central District of California would be the best, most efficient, and streamlined forum for the *Related In-App Browser Actions*.

## BACKGROUND

This case involves class members' attempts to access third-party websites while using the TikTok app.  Unbeknownst to users, Defendants embedded a JavaScript code into third-party websites accessed using TikTok's in-app browser, allowing Defendants to illegally intercept, track, and capture every detail of a TikTok user's movements and activities within the in-app browser.  The JavaScript code Defendants utilize in its in-app browser records and copies all user activity, including what links were clicked, what form fields were filled out, how long a user hovered over a particular set of text, what images were viewed, and any written text (e.g., contact information, credit card data, and sensitive medical information).  Defendants' illegal interception

---

conditional transfer order implicating Plaintiff Schulte's case.  In the event the Panel does issue a conditional transfer order implicating Plaintiff Schulte's case in the *Resolved Biometric Data MDL*, Plaintiff Schulte will oppose the order.

of Plaintiff Schulte's and class members' wire communications intended for third-party websites without their knowledge or consent constitutes a violation of the Federal Wire Tap Act, 18 U.S.C. §§ 2510, *et seq*., and violations of various state laws.  *See, e.g.,* O.C.G.A. §§ 16-11-62 (the Georgia Unlawful Eavesdropping and Surveillance statute), O.C.G.A. §§ 10-1-370, *et seq*. (the Georgia Uniform Deceptive Trade Practices Act), O.C.G.A. §§ 10-1-420, *et seq*. (the Georgia False Advertising Act), O.C.G.A. §§ 51-6-2, *et seq*. (Georgia fraud and deceit torts).

Defendants urge for transfer of the *Related In-App Browser Actions* to the settled *Resolved Biometric Data MDL* in the Northern District of Illinois.[2]  A transfer to the *Resolved Biometric Data MDL* is inappropriate because the actions lack common questions of fact as required by 28 U.S.C. § 1407.  The *Resolved Biometric Data MDL* arose out of allegations of the invasion of users' privacy through specific methods of extracting personal data, including collecting facial scans and thumbnail images *within* the TikTok app; collecting and using other biometric features and information; and collecting login information, privacy messages, and other information added to a users' account.[3]  Further, after the settlement, the *Resolved Biometric Data MDL* was transferred by the Northern District of Illinois from Judge Lee, who presided over the entirety of that litigation and now is a Judge for the United States Court of Appeals for the Seventh Circuit.[4]  As a result, the Northern District of Illinois now lacks experience with any of the facts that might otherwise make that court a more efficient venue.

---

[2] *In re TikTok, Inc., Consumer Privacy Litig.*, MDL No. 2948, Dkt. No. 96.

[3] *In re TikTok, Inc., Consumer Privacy Litig.*, MDL No. 2948, Dkt. No. 114, at ¶¶ 145-152, 158, 176, 181 and 240 (the "*Biometric Data MDL* Complaint").

[4] *See In re TikTok, Inc., Consumer Privacy Litig.*, MDL No. 2948, Dkt. No. 95 (Order reassigning litigation to the Honorable Rebecca R. Pallmeyer in the Illinois Northern District Court).

The *Related In-App Browser Actions* all involve similar kinds of data intercepted by Defendants, including details about consumer activities and their personal identifying information. Further, they involve many of the same legal claims. Centralization in a single federal court will better facilitate a comprehensive remedy for the victims of Defendants' conduct. Absent consolidation, the federal courts in multiple states could issue conflicting dispositive rulings regarding the cases before them. The similarity of the prospective class actions makes centralization appropriate.

Plaintiff Schulte does not object to the transfer of the *Related In-App Browser Actions* to the Central District of California or, in the alternative the Northern District of Georgia.

## ARGUMENT

### 1. Plaintiff Schulte Does Not Oppose Transfer and Consolidation in the Interests of Efficiency and Convenience Under 28 U.S.C. §1407.

Section 1407(a) permits transfer and consolidation or coordination of cases where: (1) the civil actions involve "one or more common questions of fact," (2) transfer and consolidation or coordination will further "the convenience of parties and witnesses" and (3) transfer and consolidation or coordination "will promote the judge and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). These factors have been met here.

The *Related In-App Browser Actions* satisfy the requirements of Section 1407 for transfer and consolidation in that they involve common questions of fact, the consolidation will further the convenience of the parties, and the transfer will promote the just and efficient resolution of the *Related In-App Browser Actions* by eliminating duplicative discovery, avoiding conflicting rulings and schedules, reducing litigation costs, and conserving the time and effort of the parties, attorneys, witnesses, and courts. The *Related In-App Browser Actions* are based on the same or substantially

similar questions of law and fact and assert virtually identical claims and allegations that will require substantially the same discovery into highly technical aspects of Defendants' programming, coding, and management of TikTok's in-app browser.  No party opposes transfer and consolidation of the *Related In-App Browser Actions*, and thus such transfer and consolidation are warranted.  *In re: T-Mobile Customer Data Sec. Breach Litig.*, 576 F. Supp. 3d 1373, 1374 (J.P.M.L. 2021).

**2.   Consolidation and Transfer with the *Resolved Biometric Data MDL* is Inappropriate.**

Not only did the *Resolved Biometric Data MDL* involve wholly distinct questions of law and fact, but it was also fully resolved through a Settlement Agreement with final court approval on August 22, 2022.[5]  As a result, the consolidation of the *Related In-App Browser Actions* with this now-closed MDL is inappropriate under 28 U.S.C. § 1407.  Through settlement the *Resolved Biometric Data MDL* released all claims arising from or related to "the collection and use of any user data, including biometric data…that were, could have been, or could be asserted by the Releasing Parties."[6]  The *Resolved Biometric Data MDL* concerned TikTok's harvesting of biometric user data from interactions **with the TikTok app**.  In contrast, the *Related In-App Browser Actions* concern a different practice, namely Defendants' tracking and collection of data through embedded JavaScript code, while users interact with and access **third-party websites** unbeknownst to such users.

TikTok's use of embedded JavaScript code implicates different user activity and data than the *Resolved Biometric Data MDL*, such as: all taps or clicks on a third-party website; all unique

---

[5] *In re TikTok, Inc., Consumer Privacy Litig.*, MDL No. 2948, Dkt. No. 264.
[6] *In re TikTok, Inc., Consumer Privacy Litig.*, MDL No. 2948, Dkt. No. 122-1, at § 2.30.

keyboard inputs; passwords to accounts; and sensitive user data such as credit card information. Importantly, these practices did not come to light until August 18, 2022, when former Google engineer and privacy researcher, Felix Krause released a report detailing TikTok's implementation and use of JavaScript inserted into the TikTok application's in-app browser.[7]  As a result, the claims asserted in the *Related In-App Browser Actions* **could not have been asserted** in the *Resolved Biometric Data MDL*.

Moreover, the *Related In-App Browser Actions* assert new legal claims and seek forms of relief that the *Resolved Biometric Data MDL* did not assert or resolve.  For example, the injunctive relief here seeks to stop Defendants' **wiretapping activities** of the TikTok in-app browser enabled by JavaScript code and unbeknownst to the user.  Such injunctive relief was neither sought nor issued in the *Resolved Biometric Data MDL*, and no wiretap claims were alleged in that case. Further, the *Resolved Biometric Data MDL* involved the collection of users' data from privately recorded videos within the app.  Here, the *Related In-App Browser Actions* focus on Defendants' conduct regarding a user's interactions **within third-party websites** through the use of TikTok's in-app browser, not through their own interactions with the TikTok application itself.

Therefore, because the *Resolved Biometric Data MDL* concerns allegations and settled claims that are distinct from and un-related to the allegations in the *Related In-App Browser Actions* the consolidation of these separate claims would be wholly inappropriate under 28 U.S.C. § 1407 as lacking common questions of fact, among other reasons.

---

[7] Felix Krause, *iOS Privacy: Instagram and Facebook Can Track Anything You Do on Any Website in Their In-App Browser*, KRAUSEFX.COM (Aug. 10, 2022) https://krausefx.com/ (last accessed Feb. 24, 2023).

### 3.   The Northern District of Illinois is Not Appropriate for Transfer and Consolidation of the Related In-App Browser Actions.

None of the factors that the Panel normally considers weigh in favor of transfer to the Northern District of Illinois, where the now-concluded and settled *Resolved Biometric Data MDL* was located. First, none of the facts giving rise to class members' injuries in the *Related In-App Browser Actions* occurred in Illinois, let alone the Northern District.  Only three of the twelve identified *Related In-App Browser Actions* filed to date are being currently litigated in the N.D. Illinois,[8] in comparison to the five actions originally filed in the Central District of California.[9] Moreover, neither of the Defendants are organized in Illinois, nor do they maintain any sort of principal place of business in the state.

Second, cost and inconvenience would markedly increase by selecting the N.D. Ill. as the transferee district.  Neither Plaintiffs nor Defendants (or their respective counsel) are located in Illinois.  There is no reason to compel Plaintiffs and their counsel from California, Georgia, New York, and Pennsylvania to fly to Illinois for a case wholly unrelated to that state.

Third, the "experience, skill, and caseloads of available judges" weigh against transfer to the Northern District of Illinois.  While the Central District of California is currently only presiding over **five** multi-district proceedings, the Northern District of Illinois is currently presiding over **sixteen**.

---

[8] *Rahn v. TikTok Inc., et al*., Case No. 1:22-cv-07256 (N.D. Ill.); *Smith, et al., v. TikTok Inc., et al.,* Case No. 1:23-cv-00134 (N.D. Ill.); and *Bravo v. TikTok Inc., et al*., Case No. 1:23-cv-00225 (N.D. Ill.).

[9] *Recht et al. v. TikTok Inc. et al*., Case No. 2:22-cv-08613 (C.D. Cal.); *Arroyo v. TikTok, Inc. et al*.,  Case No. 2:22-cv-09300 (C.D. Cal.); *Androshchuck v. TikTok Inc. et al*., Case No. 2:23-cv-00108 (C.D. Cal.); *Albaran v. TikTok Inc. et al*., Case No. 2:23-cv-00486 (C.D. Cal.); and *G.R. v. TikTok, Inc. et al*., Case No. 2:23-cv-00509 (C.D. Cal.).

Finally, the relationship and circumstances surrounding the transfer of the *Resolved Biometric Data MDL* to the Northern District of Illinois is not present here.  In transferring the *Resolved Biometric Data MDL*, the Panel noted that the majority of the pending cases were filed in the Northern District of Illinois, those cases involved specific claims under the Illinois Biometric Information Privacy Act, and that those cases had already been proceeding in an organized fashion (including through consolidation, appointment of lead counsel, and the filing of a consolidated complaint.).[10]  None of this can be said of the *Related In-app Browser Actions*.

Overall, the *Related In-App Browser Actions* do not share discovery, substantial overlaps of core facts, or factual questions arising out of a common course of conduct with the *Resolved Biometric Data MDL*, nor do they have any identifiable link to Illinois such that transfer to the Northern District of Illinois is appropriate.  When these dissimilarities exist, the Panel has previously and consistently denied the transfer of new consolidated proceedings to an old, unrelated multi-district litigation.  *In re: Navistar Maxxforce Engines Marketing, Sales Practices & Prods. Liab. Litig.*, MDL No. 2590, Dkt. No. 208 (J.P.M.L. Feb. 4, 2018).

**4.  Plaintiff Schulte Does Not Oppose Transfer and Consolidation to the United States District Court for the Central District of California.**

 "The Panel uses no single factor to select the transferee district, but the Panel does consider where the largest number of cases is pending, where discovery has occurred, where cases have progressed the furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges."  *See* Manual for Complex Litigation § 20.1 (4th ed. 2004) (citation omitted).  The jurisdiction where

---

[10] *In re TikTok, Inc., Consumer Privacy Litig.*, MDL No. 2948, ECF No. 82 at 1-2 (J.P.M.L. Aug. 4, 2020).

Defendants' conduct occurred, and thus gave rise to class members' injuries, is the Central District of California.   Defendant TikTok, Inc. maintains its executive headquarters in Culver City, California, located within Western Division of the Central District of California, and upon information and belief, the Central District of California is where Defendants make decisions pertinent to the TikTok application and its data privacy practices.   Moreover, co-Defendant ByteDance, Inc. is likewise a resident of and doing business in California.

Cost and inconvenience would be minimized by selecting the Central District of California. Defendants' offices are maintained in Culver City and Northern California.  As a result, Plaintiffs from all *Related In-App Browser Actions* will seek depositions of employees and the production of documents—all highly likely to be found and located at the TikTok, Inc., headquarters in Culver City, California.   Further, Culver City is located within the Los Angeles metropolitan area— containing five major airports—and is conveniently close to the courthouse where Plaintiff Recht's action is currently pending.

In addition, the first filed *Related In-App Browser Action* was filed in the Central District of California, which now hosts, in addition to Plaintiff Recht's action, at least **four** of the *Related In-App Browser Actions*: *Arroyo v. TikTok, Inc. et al*.,  Case No. 2:22-cv-09300; *Androshchuck v. TikTok Inc. et al*., Case No. 2:23-cv-00108; *Albaran v. TikTok Inc. et al*., Case No. 2:23-cv-00486; and *G.R. v. TikTok, Inc. et al*., Case No. 2:23-cv-00509.

Further, the "experience, skill, and caseloads of available judges" weighs in favor of transfer to the Central District of California.  Judges in the Central District of California have successfully managed several multi-district litigation proceedings.   Moreover, the Honorable Maame Ewusi-Mensah Frimpong, the judge presiding over *Recht v. TikTok Inc., et al.,* Case No

2:22-cv-08613, is a well-qualified jurist who can effectively manage an MDL.  Judge Frimpong has over 20 years of legal experience with a breadth of practice that speaks to her skill and qualifications, as well as the support of *Albaran, Fleming, Recht, Schulte* and *E.K.* plaintiffs.  Judge Frimpong brings experience, qualification, and diversity to the Panel and, because her docket is currently clear of other MDLs, she will be able to dedicate the necessary time and effort to adjudicating the *Related In-App Browser Actions* in the Central District of California

      While Plaintiff Schulte necessarily prefers the Northern District of Georgia as a transferee forum for many reasons including, but not limited to, the experience of the Northern District of Georgia's highly accomplished Judiciary, she likewise recognizes that the factors above, such as efficiency and the number of cases already in the district, including the first Complaint, make the Central District of California an appropriate venue for transferring and consolidating the *Related In-App Browser Actions*.  For those reasons, Plaintiff Schulte does not oppose the transfer and consolidation of the *Related In-App Browser Actions* in the Central District of California.

## <u>CONCLUSION</u>

For each of the foregoing reasons, Plaintiff Schulte respectfully does not object to the entry of an Order granting Plaintiff Recht's Motion to Transfer and Consolidation to the Honorable Judge Maame Ewusi-Mensah Frimpong in the Central District of California pursuant to 28 U.S.C. § 1407, or in the alternative, to the transfer and consolidation to the Northern District of Georgia.

Dated: February 24, 2023              Respectfully submitted.

_/s/ John C. Herman_
John C. Herman
    (Ga. Bar No. 348370)
    jherman@hermanjones.com
Candace N. Smith
    (Ga. Bar No. 654910)
    csmith@hermanjones.com
Connely M. Doizé
    (Ga. Bar No. 663453)
    cdoize@hermanjones.com

**Herman Jones LLP**
3424 Peachtree Road, N.E., Suite 1650
Atlanta, Georgia 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501

_Counsel for Plaintiff Grace Schulte_