UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TIKTOK IN-APP BROWSER
CONSUMER PRIVACY LITIGATION                                         MDL No. 3067

ORDER DENYING TRANSFER

**Before the Panel:**[*] Plaintiff in a Central District of California action moves under 28 U.S.C. § 1407 to centralize three actions in the Central District of California. The actions are pending in three districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of fourteen potentially related actions pending in three additional districts. All responding plaintiffs support centralization, but they disagree as to the appropriate transferee district. Plaintiffs in five actions support movant's position, while plaintiffs in seven actions request centralization in the Northern District of Illinois. Plaintiff in one potentially related action alternatively requests centralization in the District of New Jersey, another alternatively suggests the Northern District of Georgia, and a third—in the Central District of California *Moody* action—opposes inclusion of his action in any MDL. Defendant TikTok Inc., on behalf of itself and its affiliates[1] (collectively, TikTok), opposes the motion.

Plaintiffs allege that TikTok illegally intercepts users' communications and activities on third-party websites through the web browser within the TikTok app (the "in-app browser"). Specifically, plaintiffs assert that, when users access third-party websites through the in-app browser, the browser inserts JavaScript code that tracks users' keystrokes and activities on such websites and collects all data entered. All actions are putative nationwide or statewide class actions asserting claims under the Federal Wiretap Act or state anti-wiretapping statutes. In addition, plaintiffs variously assert claims for violation of state data privacy and consumer protection laws, and common-law claims for invasion of privacy or unjust enrichment.

TikTok does not dispute that the actions involve common questions of fact and law, and that convenience and efficiency would be served by coordinated pretrial proceedings. Instead, it argues that it would be inefficient to create a new MDL because the actions fall within the scope of an existing MDL concerning the TikTok app—MDL No. 2948, *In re TikTok, Inc., Consumer*

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Bytedance Inc., Beijing Douyin Information Service Co. Ltd. a/k/a ByteDance Technology Co. Ltd; and Douyin Ltd. a/k/a ByteDance Ltd. also are named in one or more of the actions.

- 2 -

*Privacy Litigation*. In our order directing centralization of that MDL, we stated that those actions shared allegations that TikTok, through its popular social networking app, engaged in "the scanning, capture, retention, and dissemination of the facial geometry and other biometric information of users of the app." *In re TikTok, Inc., Consumer Privacy Litig.*, 481 F. Supp. 3d 1331, 1331 (J.P.M.L. 2020). The litigation was assigned to Judge John Z. Lee in the Northern District of Illinois in 2020. After centralization, the MDL appears to have expanded to include claims that the TikTok app captured certain additional types of data.[2] On July 28, 2022, the court approved a class settlement that resolved the then-pending actions.

Plaintiffs contend that MDL No. 2948 was limited to claims that TikTok improperly collected users' biometric data through the video-sharing functions of the app. They argue that the in-app browser actions involve distinct questions of fact and law and should be centralized as a new MDL. In response, TikTok cites language in the consolidated class complaint, settlement agreement, and court orders in MDL No. 2948,[3] and argues that the scope of the MDL expanded beyond claims relating solely to biometric data to encompass claims relating to the improper collection of *all* user data through the TikTok app.

We do not address the question of whether the in-app browser actions were released pursuant to the MDL No. 2948 class settlement. That is a merits issue, which is beyond our purview. *See, e.g., In re Paragard IUD Prods. Liab. Litig.*, 510 F. Supp. 3d 1376, 1377-78 (J.P.M.L. 2020) (holding that the Panel lacks the authority to decide whether actions fail as a matter of law). Because the in-app browser actions raise questions relating to the interpretation and scope of the settlement in MDL No. 2948, those questions are most appropriately resolved by the transferee court. *See, e.g.,* Transfer Order in *Hernandez v. Nat'l Football League, et al.*, C.A. No. 1:17-12244 (D. Mass.), MDL No. 2323, ECF doc. 704 (J.P.M.L. Feb. 1, 2018) (denying motion to vacate CTO; whether plaintiff was a member of the settlement class in the MDL "will require interpretation of the MDL . . . settlement agreement—a task most appropriate for the transferee court, which approved the settlement").[4] Indeed, in its order and final judgment in MDL No. 2948,

---

[2] *See, e.g.,* Consol. Am. Class Action Compl. in *In re TikTok, Inc., Consumer Privacy Litig.*, No. 1:20-cv-4699, ECF doc. 114, at 37 & ¶ 167 (N.D. Ill. Dec. 18, 2020) (alleging that the TikTok app "secretly collects data far beyond what Defendants disclose to users," including "internet browsing history[ies]").

[3] Mem. Op. & Order in *In re TikTok*, *supra*, ECF doc. 261, at 12 & n.6 (N.D. Ill. July 28, 2022) (approving settlement agreement and releases encompassing "any and all claims . . . of any kind . . . arising from or related to the Civil Actions or the collection and use of any user data, including biometric data . . .").

[4] *See also* Transfer Order in *Morrison v. Blasingame Burch Garrard & Ashley, P.C.*, C.A. No. 1:17-00165 (E.D. Tenn.), MDL No. 2187, ECF doc. 2315 (J.P.M.L. Oct. 4, 2017) (denying motion to vacate CTO because "[a]ctions involving matters relating to a settlement reached in an MDL are appropriate for transfer to that MDL under 28 U.S.C. § 1407"); Transfer Order in *Murphy v.*
(continued . . .)

the transferee court expressly retained jurisdiction over the interpretation and enforcement of the class settlement and enjoined further litigation by class members relating to the released claims.

Certain plaintiffs argue that the in-app browser actions should not be included in MDL No. 2948 because the MDL was reassigned to a new transferee judge in Fall 2022.[5] They contend that the current transferee judge, Judge Rebecca R. Pallmeyer, had no involvement with the MDL until after the class settlement had been approved and will bring no particular expertise to the question whether the in-app browser claims were included in the settlement. We find this argument unconvincing. Judge Pallmeyer has familiarized herself with the proceedings to date, as well as with the factual allegations and legal claims in the in-app browser actions and the parties' positions regarding the actions' relationship to the MDL litigation. The reassignment of MDL No. 2948 also does not change the fact that the transferee court retained jurisdiction to interpret and enforce the settlement.

Accordingly, on the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. Rather, these actions will be handled most efficiently in MDL No. 2948, to which they are transferred in an order issued concurrently with this one.[6] The threshold question whether the actions are subject to the MDL No. 2948 settlement must be answered by the transferee court. If the court concludes that some or all of the claims in the in-app browser actions were not released under the settlement, coordinated pretrial proceedings in those actions may proceed as part of MDL No. 2948.

---

*Biomet, Inc., et al.*, C.A. No. 1:15-492 (N.D. Ohio), MDL No. 2391, ECF doc. 917 (J.P.M.L. June 8, 2015) (denying motion to vacate CTO; "disputes about the settlement agreement" in an MDL are properly transferred to the MDL court).

[5] Judge John Z. Lee, the original transferee judge, was confirmed to the U.S. Court of Appeals for the Seventh Circuit in September 2022.

[6] *See* Transfer Order, *In re TikTok Consumer Privacy Litig.*, MDL No. 2948 (J.P.M.L. Apr. 7, 2023) (denying motions to vacate orders conditionally transferring five actions to MDL No. 2948).

- 4 -

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: TIKTOK IN-APP BROWSER**
**CONSUMER PRIVACY LITIGATION**                           MDL No. 3067

## SCHEDULE A

<u>Central District of California</u>

RECHT, ET AL. v. TIKTOK, INC., ET AL., C.A. No. 2:22-08613

<u>Southern District of New York</u>

E.K. v. TIKTOK, INC., ET AL., C.A. No. 7:22-10574

<u>Eastern District of Pennsylvania</u>

KOWALSKI v. TIKTOK, INC., ET AL., C.A. No. 2:22-04947